IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY FUJIO TAKUSHI, Individually and as Trustee of the Albert G. Takushi Revocable Living Trust Dated April 11, 2007,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; ALOHA ASSET SERVICING, LLC; DOES 1-50,<br><br>　　　　Defendants. | CIVIL NO. 11-00189 LEK-KSC |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

　　　　Before the Court is Defendant BAC Home Loans Servicing, LP's ("BAC") Motion to Dismiss Plaintiff's Complaint ("Motion"), filed March 30, 2011. Plaintiff Rocky Fujio Takushi ("Plaintiff"), individually and as trustee of the Albert G. Takushi Revocable Living Trust Dated April 11, 2007 ("Trust"), filed his memorandum in opposition on May 23, 2011. BAC filed its reply on May 27, 2011. This matter came on for hearing on June 13, 2011. Andrew Lautenbach, Esq., appeared on behalf of BAC, and Gary Dubin, Esq., appeared on behalf of Plaintiff. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, BAC's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

### I. Factual History

On an unspecified date in April 2007, Plaintiff's parents, Albert Goro Takushi and Shirley Motoko Takushi, conveyed to Plaintiff, individually and as trustee of the Trust, real property located at 98-1868 Nahele Street, Aiea, Hawai`i 96701 ("the Property"). [Complaint at ¶ 7;[1] Warranty Deed (to Trust) ("Warranty Deed") at 1.[2]]

On or about September 19, 2007, Plaintiff's father obtained a refinance loan from MortgageIT, Inc. ("MortgageIT") for $230,000 and entered into a mortgage agreement ("Mortgage") with MortgageIT regarding the Property.[3] [Id. at ¶ 9; Mortgage at 2.] On September 21, 2007, Plaintiff allegedly conveyed the Property back to his father through a Warranty Deed. [Complaint at ¶ 10; Warranty Deed at 1.] The Mortgage was recorded on September 27, 2007 in the Land Court, State of Hawai`i, as document number 3660910 on certificate of title number 878,571. [Complaint at ¶ 9; Mortgage at 1.] The Warranty Deed, however, was not recorded until September 9, 2008. [Warranty Deed at 1.]

---

[1] The Complaint is attached to BAC's Notice of Removal as Exhibit 1 to the Declaration of Brandi J. Buehn. [Dkt. no. 1-2.]

[2] The Warranty Deed is attached to BAC's Motion as Exhibit B to the Declaration of Brandi J. Buehn. [Dkt. no. 6-4.]

[3] The Mortgage is attached to BAC's Motion as Exhibit A to the Declaration of Brandi J. Buehn. [Dkt. no. 6-3.]

On September 29, 2007, Plaintiff's father died. [Complaint at ¶ 12.]

On December 31, 2009, BAC recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("Foreclosure Notice") in the Bureau of Conveyances, State of Hawai`i, as document number 2009-198743.[4] [Foreclosure Notice at 1.] BAC served both Plaintiff and Plaintiff's father with the Foreclosure Notice on an unspecified date. [Complaint at ¶ 15.]

On May 24, 2010, Plaintiff's lawyer, Gary Dubin, sent a letter to BAC ("Dubin Letter") stating, *inter alia*, that Plaintiff sought to exercise his right to rescind the loan transaction entered into by his father.[5] [Dubin Letter at 1.] The letter accused BAC of:

> (1) unfair and deceptive acts and practices, (2) fraudulent acts in the inducement, including misrepresentations throughout said loan transaction as to confusing, ambiguous, and contradictory loan disclosures and excessive closing costs, and (3) TILA violations, including but not limited to the failure to provide two completed copies of the notice of right to cancel at closing or at any other time.

[Id.] The letter demanded that BAC "cease and desist from

---

[4] The Foreclosure Notice is attached to Plaintiff's memorandum in opposition at Exhibit 5. [Dkt. no. 15-5.] In contrast to the recording date and document number listed on the Foreclosure Notice, Plaintiff claims that BAC recorded said notice on January 15, 2010 as document number 2010-006928. [Complaint at ¶ 14; Mem. in Opp. at 3.]

[5] The Dubin Letter is attached to Plaintiff's Complaint as Exhibit A.

3

proceeding with any wrongful foreclosure proceedings, including your wrongful nonjudicial foreclosure auction noticed for today at noon . . . ." [Id. at 2.] In a letter dated June 8, 2010, BAC allegedly denied Plaintiff's request for rescission. [Complaint at ¶ 18.]

On July 12, 2010, BAC foreclosed on the Property and purchased it at auction. [Id. at ¶ 20 (citing Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Foreclosure Affidavit"), recorded 7/15/10 as doc. no. 3979799).] On January 21, 2011, Defendant Aloha Asset Servicing, LLC ("Aloha Asset Servicing") filed a Complaint for Ejectment in the District Court for the First Circuit, State of Hawai`i, claiming to be the owner of the Property.[6] [Id. at ¶ 21.]

## II. Procedural History

On February 9, 2011, Plaintiff filed his two-count Complaint in the District Court for the First Circuit seeking: (1) declaratory judgment as to the title of the Property ("Count I"); and (2) rescission and cancellation under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. ("Count II"). [Id. at p. 6.] Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, BAC timely removed the case to this district court on March 23, 2011. [Notice of Removal at 2.]

---

[6] It is not clear from the existing record how Aloha Asset Servicing obtained the Property.

### A. Motion

In its Motion, BAC argues that the Court should dismiss the Complaint with prejudice because Plaintiff fails to state a claim upon which relief can be granted.

As an initial matter, BAC argues that Plaintiff lacks standing to assert a TILA claim because he is neither the borrower nor the mortgagor under the Mortgage. [Mem. in Supp. of Motion at 4 (citing Nash v. Long Beach Mortg. Co., 158 Fed. Appx. 843 (9th Cir. 2005); In re Crevier, 820 F.2d 1553 (9th Cir. 1987)).] BAC contends that, in Nash, "[t]he Ninth Circuit affirmed dismissal of the plaintiff's TILA claims on the grounds that the plaintiff was 'neither the borrower nor the owner of the property at the time of the contested transactions.'" [Id. at 4-5 (quoting Nash, 158 Fed. Appx. at 843 (emphasis omitted)).] BAC argues that Plaintiff, similar to the plaintiff in Nash, asserts violations regarding property that solely belonged to his father at the time of the contested transactions.

Additionally, BAC argues that Plaintiff does not have standing because of his role as trustee of the Trust. According to BAC, a trustee of a trust holding title to property does not have standing to assert a TILA claim. [Id. at 5 (citing Pico v. Bank of Am., Civil No. 10-00583 SOM/KSC, Order Vacating Order Granting Plaintiff's Motion to Proceed in Forma Pauperis and Denying Plaintiff's Request for Appointment of Counsel (ECF No.

18); Order to Show Cause Why Complaint Should Not Be Dismissed, filed 11/12/2010 (dkt. no. 26); id., Order Dismissing Action, filed 12/21/2010 (dkt. no. 41) (finding that the plaintiff in that matter lacked standing to pursue TILA claims where she was not the borrower or the mortgagor under the subject transaction, even though she was trustee of the trust that purportedly held title to the subject property)).]

Finally, BAC argues that Plaintiff's claim for declaratory relief fails for three reasons.  First, BAC argues that declaratory relief is inapplicable in this case because it "is a remedy, not an independent cause of action[.]"  [Mem. in Supp. of Motion at 11 (emphasis and some citations omitted) (citing Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 849 F.2d 1197, 1201 (9th Cir. 1988)).]  Second, BAC argues that, "because declaratory relief operates prospectively, and not for the redress of past wrongs, Plaintiff's request for declaratory relief based on alleged violations of TILA during loan consummation is inappropriate."  [Id. at 12 (some citations omitted) (citing Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996)).]  Third, BAC argues that, since declaratory relief requires an "actual controversy relating to the legal rights and duties of the respective parties" and Plaintiff failed to allege facts sufficient to support his TILA claim, the Court must also dismiss Plaintiff's claim for

6

declaratory relief. [Id. at 12-13 (citing Phillips v. Bank of Am., Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *4 (D. Hawai`i Jan. 21, 2011)).]

### B. Memorandum in Opposition

Plaintiff refutes BAC's lack of standing argument and contends that he has standing as both an heir and a successor-in-interest to the Property. [Mem. in Opp. at 6 (citation omitted).] Plaintiff contends that the right to rescind under TILA survives the original consumer's death, and that both the decedent's estate and the successors-in-interest to the decedent-borrower's property may bring rescission claims after the death. [Id. at 6-7 (some citations omitted) (citing James v. Home Construction Company of Mobile, Inc., 621 F.2d 727, 729-730 (5th Cir. 1980) ("we find that a Truth-in-Lending Act action under § 1635 survives the death of the plaintiff"); Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 902-903 (3rd Cir. 1990) (right of rescission invoked after borrower's death held to survive in favor of decedent's heirs – son and daughter-in-law – although found not applicable in that case)).] Plaintiff does not address BAC's declaratory relief arguments in his memorandum.

### C. Reply

In its reply, BAC contends that Plaintiff exclusively relies on authority outside of the Ninth Circuit to support his

argument that heirs and successors-in-interest have standing to bring TILA claims. BAC argues that, since Plaintiff fails to refute its claim that he lacks standing under Ninth Circuit authority, the Court should dismiss Plaintiff's Complaint with prejudice. [Reply at 3-4.] BAC also argues that Plaintiff conceded that his claim for declaratory relief is improper by not addressing BAC's argument in his memorandum in opposition. [Id. at 12.]

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Rather, "[a]

8

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950 (citation omitted).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citations and quotation marks omitted).

## DISCUSSION

### I. TILA Claim for Rescission

As a threshold matter, BAC contends that Plaintiff lacks standing to assert a TILA claim for rescission because he is neither the borrower nor the mortgagor under the Mortgage. BAC argues that neither Plaintiff's role as trustee of the Trust nor his alleged status as an heir or successor-in-interest to the Property support a finding of standing.

Plaintiff argues that he has standing to assert his TILA claim for rescission as both an heir and a successor-in-interest to the Property. According to Plaintiff, the right of rescission survives the original consumer's death and may be brought by either the decedent's estate or

successors-in-interest to a given property.

As recently explained by this district court in Santiago v. Bismark Mortgage Co.:

> Article III standing exists only when the plaintiff has suffered an injury-in-fact, i.e., an "invasion of a legally protected interest" that is "concrete and particularized." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). It is well-settled that a plaintiff who is not a party to a mortgage loan cannot assert a claim against the lender for asserted violations of RESPA stemming from the loan settlement process. See, e.g., Thomas v. Guild Mortg. Co., No. CV 09-2687-PHX-MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) (granting summary judgment on RESPA and TILA claims for lack of standing because the plaintiff was not a party to the mortgage, citing cases); Cleveland v. Deutsche Bank Nat'l Trust Co., No. 08cv0802 JM(NLS), 2009 WL 250017 (S.D. Cal. Feb. 2, 2009) (dismissing TILA, RESPA, fraud, and other claims of a plaintiff whose wife took out a mortgage, reasoning that "someone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party").
>
> Similarly, to have standing to bring a claim under TILA, a plaintiff must have been deprived of a statutory right to disclosures that existed at the time of the contested transaction. See DeMando v. Morris, 206 F.3d 1300, 1303 (9th Cir. 2000); Crevier v. Welfare & Pension Fund for Local 701 (In re Crevier), 820 F.2d 1553, 1555-56 (9th Cir. 1987); see, e.g., Thomas, 2011 WL 676902, at *4.

Civil No. 10-00467 SOM/KSC, 2011 WL 839762, at *4-5 (D. Hawai`i Mar. 4, 2011) (alteration in original).

In Pico, this district court was presented with one of the same questions presently before this Court: whether a trustee

10

who was not a party to a mortgage loan transaction can make TILA claims on behalf of a decedent-borrower. The court in <u>Pico</u> found that, where a trustee-plaintiff is "not a borrower or mortgagee on the loan at issue[,] . . . she cannot assert [TILA] claims on behalf of [the borrower], regardless of whether she is his trustee or 'attorney in fact.'" Civil No. 10-00583 SOM/KSC, Order Dismissing Action, at 3. As further explained by the court in <u>Pico</u>:

> Pico herself does not have standing to sue under TILA because she is not the borrower or mortgagee on the loan. . . . [I]t appears that only [the borrower] has standing to sue because he alone entered into the mortgage transaction. As a trustee, Pico is not injured by the mortgage foreclosure and thus lacks standing. <u>See also</u> <u>Nash v. Long Beach Mortg. Co.</u>, 158 Fed. Appx. 843 (9th Cir. 2005) (affirming district court's dismissal for lack of standing because plaintiff was neither the borrower nor the owner of the property at the time of the contested transaction); <u>In re Crevier</u>, 820 F.2d 1553 (9th Cir. 1987) (finding that property ownership or a right to convey is needed to state a claim under TILA).

<u>Id.</u>, Order Vacating Order Granting Plaintiff's Motion to Proceed <u>in Forma Pauperis</u> and Denying Plaintiff's Request for Appointment of Counsel (ECF No. 18); Order to Show Cause Why Complaint Should Not Be Dismissed, at 3-4.

While the Court is unaware of any case in the Ninth Circuit or this district court that has considered whether an heir or successor-in-interest has standing to pursue TILA claims on behalf of a decedent-borrower, at least one district court in

11

the Ninth Circuit has dismissed such a claim due to a lack of standing.  In <u>White v. Deutsche Bank National Trust Co.</u>, No. 09 CV 1807 JLS (JMA), 2010 WL 3420766 (S.D. Cal. Aug. 30, 2010), the United States District Court for the Southern District of California had to determine whether children that inherited real property intestate had standing to bring TILA claims on behalf of the decedent-borrower.  While the court found that the children-plaintiffs had constitutional standing to bring their suit, the court concluded that the plaintiffs "have not adequately established standing to pursue a cause of action for violation of TILA."  <u>White</u>, 2010 WL 3420766, at *3.  As explained by the court:

> Plaintiffs are not a party to the loan contract; only [decedent] entered into the loan transaction and was a borrower pursuant to the loan.  There is no allegation in the complaint that credit was extended to Plaintiffs, nor were Plaintiffs the owners of the property encumbered by the loan.  As such, Plaintiffs are not "obligors" or "consumers" sufficient to establish a right to rescind or for damages under TILA.  <u>See</u> 15 U.S.C. § 1635(a); <u>see also</u> <u>Wilson v. JPMorgan Chase Bank, NA</u>, 2010 WL 2574032, at *6 (E.D. Cal. June 25, 2010) (citing <u>Johnson v. First Fed. Bank of Cal.</u>, 2008 WL 2705090, at *5 (N.D. Cal. Jul. 8, 2008)).  The Court finds no authority for the proposition that Plaintiffs who are not a party to the loan may sue Defendants for a violation of TILA.

<u>Id.</u> (footnote and some citations omitted).  As a result, the court in <u>White</u> dismissed the plaintiffs' TILA claim with prejudice.  <u>Id.</u> at *4.

In contrast to the district court's finding in <u>White</u>,

12

the Fifth Circuit held in James v. Home Construction Co. of Mobile, Inc. that a TILA action for recession survives the death of the borrower. 621 F.2d 727, 729-30 (5th Cir. 1980) (footnote omitted). In James, a woman entered into a contract with a construction company for improvements and repairs on her home. Approximately three years later, the woman died and her plaintiff-son, who made several payments on the contract after his mother's death, requested rescission and cancellation of his mother's contract from the construction company. The plaintiff-son then filed suit seeking rescission under TILA. James, 621 F.2d at 728. The Fifth Circuit found that, while "the rule has been that actions for penalties do not survive the death of the plaintiff[,]" TILA's rescission remedy was "remedial" rather than "penal". Id. at 730 (citations omitted). As a result, the Fifth Circuit permitted the plaintiff-son to proceed with his TILA action against the construction company. Id. at 731.

The Third Circuit made a similar finding in Smith v. Fidelity Consumer Discount Co., 898 F.2d 896 (3d Cir. 1990). In Smith, a man entered into a loan transaction with Fidelity Consumer Discount Corporation ("Fidelity") to purchase a car, offering his home as a security for said loan.[7] 898 F.2d at 902.

---

[7] The Smith case originally involved five plaintiffs and three distinct loan transactions. Only two of the plaintiffs, the successors-in-interest to the decedent's home, and one of the loan transactions, the October 31, 1984 loan from Fidelity to
(continued...)

Approximately one year after the October 31, 1984 transaction, the man died and his son and daughter-in-law, as successors-in-interest to the man's home, requested rescission of said loan. When Fidelity denied their request for rescission, they filed suit seeking rescission and statutory damages under TILA. The district court awarded plaintiffs both rescission and statutory damages, and Fidelity appealed. Id. While the Third Circuit reversed and remanded the district court's finding that the plaintiffs were entitled to summary judgment, id. at 907, the court addressed the parties' arguments regarding rescission and damages on the merits and did not raise the issue of standing, see id. at 902-07. In fact, the Third Circuit expressly stated that the plaintiffs' TILA rescission claim was timely because they filed within three years of the of the October 31, 1984 transaction. Id. at 903. Further, the Third Circuit noted that, if the plaintiffs were "correct in their assertion that they were entitled to rescind the instant transaction, then Fidelity is liable for statutory damages based on the [plaintiffs'] timely claim that Fidelity wrongfully denied their request to rescind the transaction." Id. It could therefore be said that the Third Circuit recognized, by implication, that successors-in-interest to property have standing to bring timely TILA actions.

---

[7](...continued)
decedent, are relevant to the instant Motion.

The Court declines to decide the issue of Plaintiff's standing in the instant case because, even assuming, *arguendo*, that Plaintiff has standing as a trustee, heir, or successor-in-interest to bring his TILA claim, rescission is unavailable because the Property has already been sold. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."). As explained by this Court in Rodenhurst v. Bank of America:

> Even an involuntary sale of the subject property terminates a borrower's right to rescind. According to the Official Staff Commentary to Regulation Z, "[a] sale or transfer of the property need not be voluntary to terminate the right to rescind. For example, a foreclosure sale would terminate an unexpired right to rescind."

--- F. Supp. 2d ----, Civil No. 10-00167 LEK-BMK, 2011 WL 768674, at *7 (D. Hawai`i Feb. 23, 2011) (alteration in original) (quoting Official Staff Commentary to Reg. Z, 12 C.F.R. § 226.23(a)(3)).

In the instant case, the Property was sold at a foreclosure auction on July 12, 2010, over six months before

15

Plaintiff filed this lawsuit. [Complaint at ¶ 20 (citation omitted).] The Court therefore FINDS that, even if Plaintiff has standing to bring his claim for rescission under TILA, Count II fails to state a claim upon which relief can be granted.[8] Since Plaintiff's claim for rescission cannot be "saved by any amendment[,]" Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citations and quotation marks omitted), the Court GRANTS BAC's Motion as to Count II and DISMISSES Count II WITH PREJUDICE.

## II. Declaratory Relief

Count I seeks a "declaratory judgment from this Court declaring that Plaintiff, either individually or as Trustee, is presently the owner of title to the subject property, and declaring that any titles held by Defendants BAC and [Aloha Asset Servicing] are void as being improperly transferred and improperly recorded." [Complaint at pg. 6.]

BAC opposes Plaintiff's claim for declaratory relief. BAC argues that, because declaratory relief is not an independent cause of action and cannot be premised on an invalid TILA claim,

---

[8] The Court notes that, where a borrower timely notified the lender that he was exercising his right to rescind but did not file his civil action within the three-year statute of repose, there may be an independent TILA claim for damages based on the attempt to rescind the loan. Peyton v. Option One Mortg. Corp., Civil No. 10-00186 SOM/KSC, 2011 WL 1327028, at *5 (D. Hawai`i Mar. 31, 2011). Plaintiff's Complaint, however, does not allege such a claim, and the Court does not express an opinion as to whether Plaintiff could allege such a claim.

16

the Court must dismiss Plaintiff's claim for declaratory relief.

The Court construes Count I as a claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201(a) provides, in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As explained by the Ninth Circuit in Seattle Audubon Society v. Moseley, a declaratory judgment under § 2201 is a means of adjudicating "rights and obligations" in cases "involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." 80 F.3d 1401, 1405 (9th Cir. 1996) (citations omitted). Since a declaratory judgment is not a corrective action, it should not be used to remedy past wrongs. See, e.g., Marzan v. Bank of Am., --- F. Supp. 2d ----, Civil No. 10-00581 JMS/BMK, 2011 WL 915574, at *3 (D. Hawai`i Mar. 10, 2011) ("[B]ecause Plaintiffs' claims are based on allegations regarding Defendants' past wrongs, a claim under the Declaratory Relief Act is improper and in essence duplicates Plaintiffs' other causes of action." (citations omitted)); Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700,

17

707-08 (N.D. Cal. 2009) ("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary."). Rather, the purpose of a declaratory judgment is to set forth a declaration of present and future rights. Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655 F.2d 938, 943 (9th Cir. 1981) ("[The Declaratory Judgment Act] brings to the present a litigable controversy, which otherwise might only by (sic) tried in the future."); Edejer v. DHI Mortg. Co., No. C 09-1302 PJH, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred." (citations omitted)).

To the extent that Plaintiff's claim for declaratory relief alleges that BAC's title to the Property is "void as being improperly transferred and improperly recorded[,]" [Complaint at pg. 6,] Plaintiff fails to state a claim upon which relief can be granted. A claim for declaratory relief based on allegations of past wrongs is improper under the Declaratory Relief Act. See Marzan, 2011 WL 915574, at *3 (citations omitted). Since this portion of Count I cannot be "saved by any amendment[,]" Harris, 573 F.3d at 737 (citations and quotation marks omitted), the Court GRANTS BAC's Motion as to Count I insofar as the Court

DISMISSES WITH PREJUDICE Count I's request for declaratory relief based on BAC's alleged past wrongs.

To the extent that Plaintiff's claim for declaratory relief seeks to establish that he "is presently the owner of title to the subject property," [Complaint at pg. 6,] Plaintiff still fails to state a claim upon which relief may be granted. The Court has rejected Plaintiff's claim for rescission under TILA, and Plaintiff presents no evidence that he is otherwise entitled to a judgment that he is the present owner of the Property. Although Plaintiff cannot save his declaratory relief claim based on TILA rescission by amendment, see Harris, 573 F.3d at 737 (citations and quotation marks omitted), it is arguably possible for Plaintiff to allege another basis to support a declaration that he is entitled to the Property. The Court therefore GRANTS BAC's Motion as to Count I insofar as the Court DISMISSES WITHOUT PREJUDICE Count I's request for declaratory relief as to Plaintiff's present ownership rights to the Property.

**CONCLUSION**

On the basis of the foregoing, BAC's Motion to Dismiss Plaintiff's Complaint, filed March 30, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as:

1. Count II is DISMISSED WITH PREJUDICE; and
2. the portion of Count I concerning BAC's alleged past

wrongs is DISMISSED WITH PREJUDICE.

The Motion is DENIED insofar as the portion of Count I concerning Plaintiff's present ownership rights to the Property is DISMISSED WITHOUT PREJUDICE.

Plaintiff has until **July 12, 2011** to file an amended complaint in accordance with this order. The Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **July 12, 2011**, this Court will amend this order to dismiss all of Plaintiff's claims with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 1, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROCKY FUJIO TAKUSHI V. BAC HOME LOANS SERVICING; CIVIL NO. 11-00189 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**