IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY FUJIO TAKUSHI, Individually and as Trustee of the Albert G. Takushi Revocable Living Trust Dated April 11, 2007, | CIVIL NO. 11-00189 LEK-KSC |
| Plaintiff, | |
| vs. | |
| BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; ALOHA ASSET SERVICING, LLC; DOES 1-50, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 1, 2011, this Court issued its Order Granting
in Part and Denying in Part Defendant BAC Home Loans Servicing,
LP's Motion to Dismiss Plaintiff's Complaint ("Order").  On
July 12, 2011, Plaintiff Rocky Fujio Takushi ("Plaintiff"),
individually and as trustee of the Albert G. Takushi Revocable
Living Trust Dated April 11, 2007 ("Trust"), filed a motion
seeking reconsideration of the Order ("Motion").  Defendants BAC
Home Loans Servicing, LP ("BAC") and Aloha Asset Servicing, LLC
("Aloha Asset Servicing") (collectively, "Defendants") each filed
a memorandum in opposition on July 26, 2011.  Plaintiff filed his
reply on August 9, 2011.  The Court finds this matter suitable
for disposition without a hearing pursuant to Rule LR7.2(d) of

the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case. The Court therefore will only discuss the background that is relevant to the instant motion.

On or about September 19, 2007, Plaintiff's father obtained a refinance loan from MortgageIT, Inc. for $230,000 and entered into a mortgage agreement ("Mortgage") with MortgageIT, Inc. regarding real property located at 98-1868 Nahele Street, Aiea, Hawai`i 96701 ("the Property").[1] [Complaint at ¶ 9; Mortgage at 2-3.] On September 21, 2007, Plaintiff allegedly conveyed the Property back to his father through a Warranty Deed. [Complaint at ¶ 10; Warranty Deed at 1.] The Mortgage was recorded on September 27, 2007 in the Land Court, State of Hawai`i, as document number 3660910 on certificate of title number 878,571. [Complaint at ¶ 9; Mortgage at 1.] On September 29, 2007, Plaintiff's father died. [Complaint at ¶

---

[1] The Mortgage is attached to BAC's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") as Exhibit A to the Declaration of Brandi J. Buehn. [Dkt. no. 6-3.]

12.]

On December 31, 2009, BAC recorded a Notice of
Mortgagee's Intention to Foreclose Under Power of Sale
("Foreclosure Notice") in the Bureau of Conveyances, State of
Hawai`i, as document number 2009-198743.[2] [Foreclosure Notice at
1.] BAC served both Plaintiff and Plaintiff's father with the
Foreclosure Notice on an unspecified date. [Complaint at ¶ 15.]

On May 24, 2010, Plaintiff's lawyer, Gary Dubin, Esq.,
sent a letter to BAC ("Dubin Letter") stating, *inter alia*, that
Plaintiff sought to exercise his right to rescind the loan
transaction entered into by his father.[3] [Dubin Letter at 1.]
In a letter dated June 8, 2010, BAC allegedly denied Plaintiff's
request for rescission. [Complaint at ¶ 18.]

On July 12, 2010, BAC foreclosed on the Property and
purchased it at auction. [Id. at ¶ 20 (citing Mortgagee's
Affidavit of Foreclosure Under Power of Sale ("Foreclosure
Affidavit"), recorded 7/15/10 as doc. no. 3979799).[4]] On
December 6, 2010, the Land Court issued Aloha Asset Servicing a

---

[2] The Foreclosure Notice is attached to Plaintiff's
memorandum in opposition to the Motion to Dismiss as Exhibit 5.
[Dkt. no. 15-5.]

[3] The Dubin Letter is attached to Plaintiff's Complaint as
Exhibit A.

[4] The Foreclosure Affidavit is attached to Plaintiff's
memorandum in opposition to the Motion to Dismiss as Exhibit 8.
[Dkt. no. 15-8.]

transfer certificate of title (TCT) for the Property.  [Land Court, TCT No. 1005781.[5]]  On January 21, 2011, Aloha Asset Servicing filed a Complaint for Ejectment in the District Court for the First Circuit, State of Hawai`i, claiming to be the owner of the Property.  [Complaint at ¶ 21.]

On February 9, 2011, Plaintiff filed his two-count Complaint in the Circuit Court for the First Circuit seeking: (1) declaratory judgment as to the title of the Property ("Count I"); and (2) rescission and cancellation under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. ("Count II").  [Id. at p. 6.]  Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, BAC timely removed the case to this district court on March 23, 2011. [Notice of Removal at 2.]

BAC filed its Motion to Dismiss on March 30, 2011. [Dkt. no. 6.]  On July 1, 2011, the Court issued its Order Granting in Part and Denying in Part Defendant BAC Home Loans Servicing, LP's Motion to Dismiss Plaintiff's Complaint ("7/1/11 Order").  [Dkt. no. 19.]  The Court granted the Motion to Dismiss insofar as it dismissed with prejudice Count II and Count I to the extent that it concerned BAC's alleged past wrongs.  The Court denied the motion insofar as it dismissed without prejudice the portion of Count I concerning Plaintiff's present ownership

_____

[5] A copy of the TCT for the Property is attached to Aloha Asset Servicing's memorandum in opposition to the Motion as Exhibit A.  [Dkt. no. 23.]

4

rights to the Property.  [Id. at 19-20.]

I.   **Motion**

Plaintiff argues that the Court committed manifest error by misinterpreting the applicable federal and state law with respect to when a sale terminates a borrower's TILA rescission rights.

A.   **Federal Law**

Plaintiff first argues that, as a matter of federal law, the cancellation letter was effective to cancel the mortgage loan regardless of the occurrence of any subsequent sale, so long as suit was filed within one year and twenty-one days following the failure of the mortgagee to accept rescission.  [Mem. in Supp. of Motion at 3.]

Plaintiff argues that a notice of cancellation of a loan transaction is effective "'when the right to rescind is exercised'" if the notice is sent before the end of the rescission period.  [Id. at 3 (citing Regulation Z, §§ 226.15(a)(2) & 226.23(a)(2)).]  Plaintiff further argues that, once a lender receives a notice of rescission, the lender has twenty days to cancel the security interest or the underlying mortgage is deemed void.  [Id. at 4 (citing Regulation Z, §§ 226.15(d) & 226.23(d)).]

Plaintiff argues that, in Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998), the Supreme Court rejected the argument that

§ 1635(f)'s rescission period acted as a statute of limitations within which one must file suit.  According to Plaintiff, the Supreme Court held that the right of rescission under § 1635(f) was intended by Congress to be an "election" given to borrowers. [Id. (citation omitted).]  As a result, Plaintiff contends that the right of rescission, under Beach, need only be "exercised" within § 1635(f)'s three-year rescission period, and the borrower need not file suit in order to exercise that right.  [Id. (citations omitted).]

Plaintiff argues that the Ninth Circuit's decision in Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002), further supports his position.  According to Plaintiff, the Ninth Circuit in Miguel held that "a TILA cancellation during the extended three-year rescission period allows borrowers one additional year thereafter pursuant to § 1640 to file for rescission twenty-one additional days after cancellation where the mortgage wrongfully refuses cancellation."  [Id. at 5 (citation omitted).]

Finally, Plaintiff argues that the Court misinterpreted Peyton v. Option One Mortgage Corp., Civil No. 10-00186 SOM-KSC, 2011 WL 1327028 (D. Hawai`i Mar. 31, 2011), in its 7/1/11 Order by finding that only a damage claim survives § 1635(f)'s three-year rescission period.  Rather, Plaintiff contends that both damages and rescission claims may be filed in the additional year

6

afforded by § 1640(e). [<u>Id.</u> (citing <u>Peyton</u>, 2011 WL 1327028, at *5).] According to Plaintiff, at least seven other district courts within and outside of the Ninth Circuit have embraced this position. [<u>Id.</u> at 6 (citations omitted).]

**B.** **<u>State Law</u>**

Plaintiff's second argument is that the foreclosure sale was never finalized because a "sale" is determined by state law, and in Hawai`i, a non-judicial sale is not final and not an adjudication on the merits until confirmed by a state court. [<u>Id.</u> at 7.] Plaintiff contends that a foreclosure sale conducted pursuant to Hawai`i Revised Statutes § 667-5 is void and unenforceable where the foreclosure sale is contrary to the mortgage or contrary to a statute. [<u>Id.</u> (citing <u>Lee v. HSBC Bank USA</u>, 121 Haw. 287, 218 P.3d 775 (2009)).] Plaintiff argues that, since the non-judicial foreclosure sale of the Property was never confirmed by a state court, the sale should be treated as void and his claim for rescission deemed proper. [<u>Id.</u> at 7-8 (citations omitted).]

As a final matter, Plaintiff contends that the portion of § 1635(f) stating that borrowers may cancel loans within the three-year TILA rescission period except "'upon the earlier sale of the property'" means that "borrowers may exercise that right to rescind up to and until final judicial confirmation, notwithstanding a prior auction sale, which in Hawaii as

7

elsewhere vests no title in the high bidder until confirmation of sale." [Id. at 8-9 (citing Brent v. Staveris Development Corp., 7 Haw. App. 40, 45, 741 P.2d 722 (1987)).]

## II. BAC's Memorandum in Opposition

BAC argues that the Court did not commit manifest error of law or fact because the sale of the Property extinguished Plaintiff's TILA right of rescission. BAC further contends that the Court should disregard Plaintiff's arguments regarding enlargement of § 1635(f)'s three-year rescission period pursuant to § 1640(e) because the statute of limitations is not relevant to the Court's 7/1/11 Order.

### A. Sale of the Property and the Right to Rescind

First, BAC argues that the Court correctly determined that the TILA right of rescission was extinguished by the sale of the Property. BAC argues that "[i]t is well-settled that rescission under TILA is absolutely terminated upon the close of the foreclosure sale." [BAC's Mem. in Opp. at 7 (citing Valdez v. Flexpoint Funding Corp., 2010 WL 3001922, at *7 (D. Haw. 2010)).]

BAC refutes Plaintiff's argument that a non-judicial foreclosure in Hawai`i "'is not final and not an adjudication of the merits until subsequently confirmed by a State Court[.]'" [Id. at 8 (quoting Mem. in Supp. of Motion at 7).] BAC claims that this district court has imposed no such requirement.

Instead, this district court, and others, have found that a non-judicial foreclosure sale, like the one in the instant case, terminates an unexpired right to rescind. [Id. (citations omitted).]

BAC distinguishes the cases cited by Plaintiff on the ground that they are judicial – as opposed to non-judicial – foreclosures. BAC also claims that such cases did not adjudicate the issue of the finality of a non-judicial foreclosure sale in the context of a TILA rescission claim by the borrower. [Id. at 8-9.]

BAC argues that it is well-settled that a non-judicial foreclosure sale terminates an unexpired right to rescind. As a result, BAC contends that the Court was correct in holding that rescission is unavailable in the instant case because the Property was sold on July 12, 2010. [Id. at 8 (citations omitted).]

### B. **Three-year TILA Rescission Period**

Second, BAC argues that the Court need not address Plaintiff's statute of limitations arguments because the statute of limitations was not the basis for the Court's decision in the 7/1/11 Order. Rather, BAC explains, the Court found that rescission is unavailable because the Property had already been sold. [Id. at 10 (citations omitted).]

BAC argues that, even if the Court considers

Plaintiff's statute of limitations argument, it fails because
there is an absolute limitation on rescission actions which bars
any claims filed more than three years after the consummation of
the transaction.  BAC argues that, while § 1640(e) provides that
a borrower has one year from the refusal of cancellation to file
suit, any such suit must be for damages, not rescission.  [<u>Id.</u> at
10-11 (citations omitted).]

BAC argues, moreover, that none of the cases cited by
Plaintiff "stand for the proposition that a claim for rescission
may be brought outside of the three year statute of limitations
period."  [<u>Id.</u> at 12.]  Rather, BAC argues that such cases
involve TILA claims for **damages** due to the lenders' failures to
respond to borrowers' rescission requests.  [<u>Id.</u> (citations
omitted).]

Finally, BAC argues that Plaintiff mischaracterized the
Supreme Court's holding in <u>Beach v. Ocwen Federal Bank</u>, 523 U.S.
410 (1998).  BAC argues that the Supreme Court in <u>Beach</u>
"determined that TILA permits no federal right to rescind,
defensively or otherwise, after the 3-year period of § 1635(f)
has run."  [<u>Id.</u> at 14.]

**III. <u>Aloha Asset Servicing's Memorandum in Opposition</u>**

Aloha Asset Servicing first contends that the Court did
not misinterpret the law because the sale of the Property
extinguished Plaintiff's right of rescission.  According to Aloha

10

Asset Servicing, "'a mortgagor's right to impeach any foreclosure proceeding is expressly limited to the period before entry of a new certificate of title.'" [Aloha Asset Servicing's Mem. in Opp. at 6 (some citations omitted) (quoting Aames Funding Corp v. Mores, 107 Haw. 95, 101, 110 P.3d 1042, 1048 (2005)).] Aloha Asset Servicing therefore argues that Plaintiff can no longer seek to impeach the foreclosure proceedings or rescind the loan because of the TCT that the Land Court issued to Aloha Asset Servicing on December 6, 2008. [Id.]

Second, Aloha Asset Servicing argues that Plaintiff has misconstrued the case law interpreting TILA's three-year rescission period. [Id.] Aloha Asset Servicing contends that the Supreme Court's holding in Beach lends no support to Plaintiff's position that the right to impeach a foreclosure continues even after a sale and issuance of a new certificate of title because it "did not address the effect of a subsequent sale[.]" [Id. at 7-8.] Next, Aloha Asset Servicing argues that the Ninth Circuit's holding in Miguel is equally unhelpful because the court rejected the plaintiff's argument that, after the expiration of the three-year TILA rescission period, she had an additional year to file a suit pursuant to § 1640(e). [Id. at 8.] Aloha Asset Servicing contends that the Hawai`i Supreme Court's holding in Lee is similarly unhelpful because the plaintiffs in that case, unlike Plaintiff in the instant case,

managed to cure their default. Aloha Asset Servicing notes,
moreover, that the court in <u>Lee</u> did not find that non-judicial
sales are never final or that non-judicial sales require
confirmation by a court. [<u>Id.</u> at 9.] Finally, Aloha Asset
Servicing argues that the Hawai`i Intermediate Court of Appeals'
<u>Brent</u> decision is unpersuasive because the case contained no
discussion of TILA and lends no support to the argument that non-
judicial sales require a state court confirmation. [<u>Id.</u>]

IV.  **Reply**

         In his reply, Plaintiff first reiterates his argument
that, under Hawai`i state law, a non-judicial foreclosure does
not terminate an unexpired TILA right to rescind "if borrowers
rescind based on TILA violations within the rescission period and
prior to any Hawaii state court approval of that non-judicial
foreclosure sale." [Reply at 2-3.] Plaintiff relies on a
Hawai`i state trial court decision in <u>Tabuyo v. Reish</u>, Civ. No.
09-1-2029 BIA, which found that a "nonjudicial foreclosure sale
is not a final adjudication on the merits." [<u>Id.</u> at 3 (quoting
<u>Tabuyo v. Reish</u>, Civ. No. 09-1-2029 BIA, Order Denying
Defendants' Motion for Order Expunging Notice of Pendency of
Action Filed September 14, 2009 (Cir. Ct. Nov. 4, 2009), at 2).[6]]

         Second, Plaintiff restates his argument that a borrower

---

   [6] The <u>Tabuyo</u> order is attached to the Motion as Exhibit A to
the Declaration of Gary Victor Dubin. [Dkt. no. 20-2.]

need not file suit within § 1635(f)'s three-year rescission period so long as he or she timely provides the lender with notice of rescission within that period. Plaintiff argues that an "overwhelming amount of federal case law", including the Ninth Circuit's Miguel decision, supports this interpretation of § 1635(f). [Id. at 4 (citation omitted).]

Third, Plaintiff argues that the issuance of a TCT does not automatically extinguish the previous titleholder's right of rescission. [Id. at 5.] Plaintiff contends that, in In re Estate of James Campbell, a Hawai`i Land Court judge in the First Circuit ruled that a TCT did not preclude the previous titleholder from asserting a fraud defense to the TCT following a non-judicial foreclosure. [Id. (citing In re Estate of James Campbell, 1LD No. 10-1-3068, Trans. of Proceedings for Respondent's Motion for Summary Judgment as to Frederick Antoine Waller & Tanya Davelyn-Santiago Waller's Petition to Amend Transfer Certificate of Title 806,482 & to Strike & Expunge Transfer Certificate of Title 970,858 Filed 9/28/10, dated 2/28/11, 3/2/11, & 3/16/11 (collectively "Campbell Estate Transcripts")).[7]] As a result, Plaintiff contends that Aames should not be read as barring the presentation of similar

---

[7] The Campbell Estate Transcripts are attached to the Reply as Exhibits D (2/28/11), [dkt. no. 25-5,] E (3/2/11), [dkt. no. 25-6,] and F (3/16/11) [dkt. no. 25-7] to the Declaration of Gary Victor Dubin.

defenses in the instant case.  [<u>Id.</u> at 4-5.]

**STANDARD**

"[A] successful motion for reconsideration must
accomplish two goals.  First, a motion for reconsideration must
demonstrate reasons why the court should reconsider its prior
decision.  Second, a motion for reconsideration must set forth
facts or law of a strongly convincing nature to induce the court
to reverse its prior decision."  <u>Donaldson v. Liberty Mut. Ins.
Co.</u>, 947 F. Supp. 429, 430 (D. Hawai`i 1996); <u>accord</u> <u>Tom v. GMAC
Mortg., LLC</u>, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1
(D. Hawai`i July 12, 2011) (citations omitted).  This district
court recognizes three grounds for granting reconsideration of an
order: "(1) an intervening change in controlling law; (2) the
availability of new evidence; and (3) the need to correct clear
error or prevent manifest injustice."  <u>White v. Sabatino</u>, 424 F.
Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing <u>Mustafa v. Clark
County Sch. Dist.</u>, 157 F.3d 1169, 1178-79 (9th Cir. 1998)); <u>see
also</u> Local Rule LR60.1.

Courts generally do not grant reconsideration based on
legal arguments that could have been raised in connection with
the original motion.  <u>See</u> <u>Hawaii Stevedores, Inc. v. HT & T Co.</u>,
363 F. Supp. 2d 1253, 1269-70 (D. Hawai`i 2005) (citing <u>Kona
Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir.
2000)) (some citations omitted).  "Whether or not to grant

14

reconsideration[,]" however, "is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

**DISCUSSION**

**I.   Effect of a Foreclosure Sale on the TILA Right of Rescission**

In its 7/1/11 Order, the Court found that, pursuant to 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3), the sale of the Property extinguished Plaintiff's rescission claim.  As explained by the Court:

> [E]ven assuming, *arguendo*, that Plaintiff has standing as a trustee, heir, or successor-in-interest to bring his TILA claim, rescission is unavailable because the Property has already been sold.  See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").  As explained by this Court in Rodenhurst v. Bank of America:
>> Even an involuntary sale of the subject property terminates a borrower's right to rescind.  According to the Official Staff Commentary to Regulation Z, "[a] sale or transfer of the property need not be voluntary to terminate the right to rescind.  For example, a foreclosure sale would terminate an unexpired right to rescind."
> --- F. Supp. 2d ----, Civil No. 10-00167 LEK-BMK, 2011 WL 768674, at *7 (D. Hawai`i Feb. 23, 2011)

> (alteration in original) (quoting Official Staff
> Commentary to Reg. Z, 12 C.F.R. § 226.23(a)(3)).
>
> In the instant case, the Property was sold at
> a foreclosure auction on July 12, 2010, over six
> months before Plaintiff filed this lawsuit.
> [Complaint at ¶ 20 (citation omitted).] The Court
> therefore FINDS that, even if Plaintiff has
> standing to bring his claim for rescission under
> TILA, Count II fails to state a claim upon which
> relief can be granted. Since Plaintiff's claim
> for rescission cannot be "saved by any
> amendment[,]" Harris v. Amgen, Inc., 573 F.3d 728,
> 737 (9th Cir. 2009) (citations and quotation marks
> omitted), the Court GRANTS BAC's Motion as to
> Count II and DISMISSES Count II WITH PREJUDICE.

2011 WL 2610208, at *6-7 (footnote omitted) (some alterations in
original).

Plaintiff argues that, because he sent BAC a notice of
rescission within § 1635(f)'s three-year rescission period and
before the sale of the property, his claim for rescission is both
timely and valid. Plaintiff contends that this exercise of his
right of rescission was sufficient to preserve his claim, and
that the subsequent sale of the Property did not extinguish his
right to rescind.

BAC argues that the Court did not commit manifest error
because the sale of the Property extinguished Plaintiff's right
of rescission. According to BAC, the sale of a property
completely terminates a borrower's right of rescission with
respect to that property. BAC relies on Valdez v. Flexpoint
Funding Corp., Civ. No. 09-00296 ACK-BMK, 2010 WL 3001922 (D.
Hawai`i July 30, 2010), in which this district court found that:

> Even an involuntary sale of the subject
> property terminates a borrower's right to rescind.
> According to the Official Staff Commentary to
> Regulation Z, "[a] sale or transfer of the
> property need not be voluntary to terminate the
> right to rescind. For example, a foreclosure sale
> would terminate an unexpired right to rescind."
> Official Staff Commentary to Reg. Z, 12 C.F.R. §
> 226.23(a)(3). Indeed, the cases are legion that a
> foreclosure sale terminates a borrower's right to
> rescind under TILA. <u>Hallas v. Ameriquest Mortg.
> Co.</u>, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005)
> (foreclosure sale terminated plaintiff's right of
> rescission); <u>Fonua v. First Allied Funding</u>, No.
> 09-0497, 2009 WL 816291 (N.D. Cal. Mar. 27, 2009)
> (same); <u>Worthy v. World Wide Fin. Servs., Inc.</u>,
> 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004) (same);
> <u>Hall v. Fin. Enter. Corp.</u>, 188 B.R. 476, 483-84
> (D. Mass. Br. 1995) ("[E]ven if the statute of
> limitations had not expired, the [borrower's]
> claim is barred by the foreclosure sale.").

2010 WL 3001922, at *7 (alterations in original).

As explained in the 7/1/11 Order, under TILA, a

borrower's right of rescission expires either three years after

the consummation of the loan transaction or upon the sale of the

property, whichever occurs first. 15 U.S.C. § 1635(f); <u>see also</u>

§ 226.23(a)(3). It does not matter if the sale was not voluntary

- the Official Staff Commentary to Regulation Z explains that

"[a] sale or transfer of the property need not be voluntary to

terminate the right to rescind. For example, a foreclosure sale

would terminate an unexpired right to rescind." Official Staff

Commentary to Reg. Z, § 226.23(a)(3); <u>see also</u> <u>Rodenhurst v. Bank

of Am.</u>, --- F. Supp. 2d ----, Civil No. 10-00167 LEK-BMK, 2011 WL

768674, at *7 (D. Hawai`i Feb. 23, 2011).

This district court has repeatedly found that, where a property has been sold, rescission is no longer possible. <u>See, e.g.</u>, <u>Rodenhurst</u>, 2011 WL 768674 at *7 ("[R]escission is no longer possible because the Property has been sold." (citations omitted)); <u>Rey v. Countrywide Home Loans, Inc.</u>, Civil No. 11-00142 JMS/KSC, 2011 WL 2160679, at *6 (D. Hawai`i June 1, 2011) ("[R]escission is not possible because as the Complaint alleges, the subject property has been sold."); <u>Letvin v. Amera Mortg. Corp.</u>, Civil No. 10-00539 JMS/KSC, 2011 WL 1603635, at *5 (D. Hawai`i Apr. 27, 2011) ("[R]escission is not possible because the subject property has been sold."); <u>Peelua v. Imac Funding Corp.</u>, Civ No. 10-00090-JMS/KSC, 2011 WL 1042559, at *9 (D. Hawai`i Mar. 18, 2011) ("Rescission is not possible because the subject property has been sold."); <u>Valdez</u>, 2010 WL 3001922, at *7 (D. Hawai`i July 30, 2010) ("Even an involuntary sale of the subject property terminates a borrower's right to rescind.").

Whether a timely TILA rescission request that predates the foreclosure sale of a property automatically preserves the borrower's right to seek rescission post-sale is an issue of first impression for this district court. The Ninth Circuit, however, addressed this issue in <u>Meyer v. Ameriquest Mortgage Co.</u>, stating that, under § 226.23(a)(3), the sale of a property extinguishes the borrower's right to rescind that property. 342 F.3d 899, 903 (9th Cir. 2003).

In <u>Meyer</u>, the plaintiff-borrowers received a loan from the defendant-lender secured by their residence in March 1999. In May 2000, the plaintiff-borrowers demanded rescission of the loan. The following month, they filed suit, seeking, *inter alia*, rescission and damages for TILA violations. In December 2000, the plaintiff-borrowers sold their home and paid off the loan. <u>Id.</u> at 901-02.

While the Ninth Circuit ultimately affirmed the district court's summary judgment order dismissing their TILA claim as time-barred, the Ninth Circuit observed that, "[o]nce the Meyers sold their home, took control of the loan proceeds and paid off the loan, the TiLA rescission provision no longer applied and only the damages provision remained as a cause of action." <u>Id.</u> at 902 (citing 12 C.F.R. § 226.23(a)(3) (right to rescind expires when property is sold)). As further explained by the Ninth Circuit:

> The regulation is clear: the right to rescind ends with the sale. "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 CFR § 226.23(a)(3).

<u>Id.</u> at 903.

District courts interpreting <u>Meyer</u> have treated the Ninth Circuit's interpretation of § 226.23(a)(3) as completely terminating a borrower's right of rescission, even where the

lender – rather than the borrower - sold the property.  See Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1192 (S.D. Cal. 2010) ("The Ninth Circuit has unequivocally stated that the sale of property is an absolute bar to rescission.  This tracks the statute's and regulation's language which offer no flexibility in this requirement." (citations omitted)); Benemie v. Countrywide Home Loans, Inc., No. CV 09-7870-GHK (MANx), 2010 WL 4228339, at *2 (C.D. Cal. Oct. 26, 2010) (finding that Meyer is a "binding precedent" that the TILA right of rescission is extinguished upon the sale of the property, "even if the sale occurs after notice of a rescission claim"); Brown v. GMAC Mortg., LLC, No. 2:09-cv-03293-GEB-KJM, 2010 WL 3341834, at *2 (E.D. Cal. Aug. 23, 2010) (citation omitted) (suggesting that the sale of a Property extinguishes a borrower's right of rescission despite timely notice of rescission).

Even if the Ninth Circuit's statement in Meyer about the availability of TILA rescission after the sale of the property is not considered binding precedent, the practice of at least one district court in the Ninth Circuit - the District Court for the Southern District of California - independently suggests that the Ninth Circuit's interpretation of § 226.23(a)(3) applies to the instant case.  See, e.g., Ibarra v. Loan City, No. 09-CV-02228-IEG (POR), 2010 WL 1573811 (S.D. Cal. Apr. 20, 2010); Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC

20

Fin. Tr., No. 10-CV-2195-JM (RBB), 2011 WL 3328487 (S.D. Cal. Aug. 1, 2011).

In Ibarra, the plaintiff-borrower obtained a refinancing loan on September 6, 2006. In July 2009, the plaintiff-borrower sent notices of rescission to his original lender, the loan broker, and Aurora, the company that had since assumed the loan. In August 2009, the plaintiff-borrower initiated his lawsuit seeking, *inter alia*, rescission of the loan agreement and monetary damages for the defendants' violation of 15 U.S.C. § 1635(b). On September 8, 2009, Aurora purchased the property at a trustee's sale. Ibarra, 2010 WL 1573811 at *1-2.

The court in Ibarra dismissed the plaintiff-borrower's rescission claim with prejudice, finding that his "right to rescind under TILA expired on September 8, 2009 when the Property was sold at the trustee's sale." Id. at *2. The court relied on the portion of § 1635(f) stating that the right of rescission expires upon the sale of the property. Id. (citation omitted). The court found that, even though the plaintiff-borrower exercised his right of rescission through a notice of rescission and the filing of a lawsuit, the subsequent sale of the property barred the plaintiff-borrower from seeking rescission. The court, however, did permit the plaintiff-borrower to proceed with his claim for damages as a result of Aurora's failure to comply with § 1635(b). Id. at *3.

The District Court for the Southern District of California reached a similar conclusion in <u>Jacobson</u>. In that case, the plaintiff-borrowers obtained loans secured by deeds of trust on their property in August 2006. In February 2008, they sent notices of rescission to their defendant-lender and another bank requesting cancellation and rescission. In July 2010, defendant Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee purchased the property at a trustee's sale. The plaintiff-borrowers commenced their suit in October 2010. <u>Jacobson</u>, 2011 WL 3328487, at *1-2 (citations omitted).

The court in <u>Jacobson</u> found that, although the plaintiff-borrowers exercised their right of rescission within § 1635(f)'s three-year rescission period, "any right of rescission under TILA is terminated upon foreclosure sale of the property." <u>Id.</u> at *6 (citation omitted). As a result, the court concluded that the plaintiff-borrowers' rescission claim was barred and the court dismissed it with prejudice. <u>Id.</u>

In the instant case, even assuming, *arguendo*, that the sale of the Property did not extinguish Plaintiff's right of rescission, the issuance of the TCT to Aloha Asset Servicing on December 6, 2010 bars Plaintiff from now challenging the foreclosure sale. Hawai`i Revised Statute § 501-118 provides, in pertinent part:

> Mortgages of registered land may be foreclosed like mortgages of unregistered land.

22

. . . .

> In case of foreclosure by exercising the power of
> sale without a previous judgment, the affidavit
> required by chapter 667 shall be recorded with the
> assistant registrar.  The purchaser or the
> purchaser's assigns at the foreclosure sale may
> thereupon at any time present the deed under the
> power of sale to the assistant registrar for
> recording and obtain a new certificate.  **Nothing
> in this chapter shall be construed to prevent the
> mortgagor or other person in interest from
> directly impeaching by action or otherwise, any
> foreclosure proceedings affecting registered land,
> prior to the entry of a new certificate of title.**
>
> **After a new certificate of title has been entered,
> no judgment recovered on the mortgage note for any
> balance due thereon shall operate to open the
> foreclosure or affect the title to registered
> land.**

Haw. Rev. Stat. § 501-118 (emphasis added).

In <u>Aames Funding Corp. v. Mores</u>, the Hawai`i Supreme

Court held that "a mortgagor's right to 'impeach[ ] . . . any

foreclosure proceeding' is expressly limited to the period before

entry of a new certificate of title."  107 Hawai`i 95, 101, 110

P.3d 1042, 1048 (2005) (alterations in original) (quoting Haw.

Rev. Stat. § 501-118).  The court further explained:

> HRS § 501-118 clearly recognizes a mortgagor's
> right to challenge a foreclosure proceeding,
> stating that "[n]othing . . . shall . . . prevent
> the mortgagor . . . from directly impeaching . . .
> any foreclosure proceedings."  [Haw. Rev. Stat. §
> 501-118.]  However, the statute directs that such
> a right is to be exercised "prior to the entry of
> a new certificate of title."  <u>Id.</u>  Consistent with
> this proposition, HRS § 501-118 provides that
> "[a]fter a new certificate of title has been
> entered, no judgment recovered on the mortgage

23

> note for any balance due thereon shall operate to
> open the foreclosure or *affect the title to*
> *registered land*." <u>Id.</u> (emphasis added). This
> indicates that conclusive effect is to be given
> the certificate of title on the question of title
> to land.
>
> Accordingly, it may be surmised from the text
> of HRS § 501-118 that a mortgagor's right to
> "impeach[ ] . . . any foreclosure proceeding" is
> expressly limited to the period before entry of a
> new certificate of title. This proposition
> appears to be buttressed by HRS § 501-88 (1993),
> which provides that the matters stated in the
> certificate are to be given conclusive effect in
> the courts.

<u>Id.</u> (some alterations in original); <u>accord</u> <u>Caraang v. PNC Mortg.</u>,

--- F. Supp. 2d ----, Civil No. 10-00594 LEK–BMK, 2011 WL

2470637, at *17 (D. Hawai`i, June 20, 2011) ("[E]ven assuming,

*arguendo*, that Plaintiffs had valid defenses to the propriety of

the non-judicial foreclosure sale, the defenses are time-barred

because Plaintiffs failed to raise them before the new

certificate of title was issued." (citations omitted)); <u>143 Nenue</u>

<u>Holdings, LLC v. Bonds</u>, No. 28505, 2010 WL 2126481, at *2

(Hawai`i Ct. App. May 27, 2010) (finding that, because the

defendant failed to challenge the foreclosure sale until after

the issuance of the TCT, the new title, pursuant to Hawai`i

Revised Statute § 501-118, was "conclusive and unimpeachable"),

*cert. rejected by*, 2010 WL 4227723 (Hawai`i Oct 26, 2010), *cert.*

*denied by*, 2011 WL 289986 (U.S. May 2, 2011)) (alterations in

original) (quoting Haw. Rev. Stat. § 501-118).

Plaintiff argues that a TCT does not preclude the

24

previous titleholder from asserting defenses against the TCT

following a non-judicial foreclosure.  [Reply at 5 (citing

Campbell Estate Transcripts).]  In permitting the plaintiffs in

Campbell Estate to proceed with their defense of fraud, the Land

Court found:

> The Court views as controlling authority in this
> case HRS 501-118 and the Hawaii Supreme Court
> decisions in Aames Funding. . . .  Aames Funding
> holds that HRS 501-118 provides that defenses to
> mortgages foreclosed upon by the power of sale
> must be raised prior to the entry of a new
> certificate of title in the name of the mortgagor
> as the new owner of the property foreclosed upon.
> An exception to this rule is found in cases of
> fraud to which the mortgagor was a party.
> . . . .
> However, all other defenses are barred by HRS
> 501-118.

[Campbell Estate Transcript, dated 3/16/11, at 30-31.]

The Hawai`i Intermediate Court of Appeals appears to

have reached a similar conclusion in Provident Funding

Associates, L.P. v. Vimahi, No. 29797, 2010 WL 4491364 (Hawai`i

Ct. App. Nov. 10, 2010).  The court in that case found that,

following the issuance of a TCT, the new titleholder's title is

"conclusive and unimpeachable."  2010 WL 4491364 at *2 (citing

Haw. Rev. Stat. § 501-118; Aames Funding Corp. v. Mores, 107

Hawai`i 95, 110 P.3d 1042 (2005)).  The court noted, however,

that "[i]n cases where registration was allegedly procured by

fraud, the owner may pursue all remedies against the parties to

the fraud."  Id. (citing Haw. Rev. Stat. § 501-106(b)).

Hawai`i Revised Statute § 501.106(b) provides, in pertinent part:

> The new certificate [of title] or memorandum shall be binding upon the registered owner and upon all persons claiming under the registered owner, in favor of every purchaser for value and in good faith; provided that in all cases of registration procured by fraud the owner may pursue all the owner's remedies against the parties to the fraud, without prejudice however to the rights of any innocent holder for value of a certificate of title . . . .

Section 501.106(b), however, has no bearing on the instant case because Plaintiff has neither alleged fraud nor made any showing of fraud. The Court, moreover, finds no reason for treating the fraud defense to Hawai`i Revised Statute § 501-118 as a justification for entertaining other defenses, as advocated by Plaintiff. [Reply at 5.]

In summary, the Court reaffirms its finding that the sale of the Property extinguished Plaintiff's right of rescission. The Court further FINDS that the TCT issued to Aloha Asset Servicing after the foreclosure sale bars Plaintiff from subsequently challenging the sale.

## II. Effect of a notice of rescission on the three-year TILA rescission period

Plaintiff argues that, since he submitted a rescission notice to BAC within § 1635(f)'s three-year rescission period, he is entitled to an additional year, pursuant to § 1640(e), to file a lawsuit for rescission. The Court declines to consider the

26

parties' arguments with respect to this issue because the relationship between § 1635(f) and § 1640(e) does not affect this Court's finding that the sale of the Property terminated Plaintiff's right of rescission.

**III. Requirement that a state court confirm a non-judicial sale in order for it to be deemed final**

Finally, Plaintiff argues that the non-judicial sale of the Property is void because it was never confirmed by a state court. Plaintiff argues that, notwithstanding a prior foreclosure sale, he is entitled to exercise his right to rescind until final judicial confirmation.

As this district court has previously explained, a "motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006). Plaintiff's argument regarding the confirmation requirement is a new legal argument that could have been made in his opposition to BAC's Motion to Dismiss. As a result, this argument is untimely and cannot be used as a basis for reconsideration of the 7/1/11 Order.

In summary, Plaintiff failed to either: set forth new material facts that were not previously available; identify an intervening change in law; or demonstrate that the Court made a manifest error of law or fact in its 7/1/11 Order. The Court therefore FINDS that Plaintiff is not entitled to reconsideration

of the 7/1/11 Order.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of this Court's July 1, 2011 Order Granting in Part and Denying in Part Defendant BAC Home Loans Servicing, LP's Motion to Dismiss Plaintiff's Complaint, filed July 12, 2011, is HEREBY DENIED.

Plaintiff has until **September 22, 2011** to file an amended complaint in accordance with the Court's 7/1/11 Order. The Court notes that the only claim dismissed without prejudice in the 7/1/11 Order was the portion of Count I concerning Plaintiff's present ownership rights to the Property. The Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **September 22, 2011**, this Court will dismiss Plaintiff's remaining claim with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROCKY FUJIO TAKUSHI, ETC. V. BAC HOME LOANS SERVICING, LP, ET AL; CIVIL NO. 11-00189 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**