IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY FUJIO TAKUSHI, Individually and as Trustee of the Albert G. Takushi Revocable Living Trust Dated April 11, 2007,<br><br>      Plaintiff,<br><br>  vs.<br><br>BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; ALOHA ASSET SERVICING, LLC; DOES 1-50,<br><br>      Defendants.<br>_____ | CIVIL NO. 11-00189 LEK-KSC |

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY**
**LEGAL QUESTION TO THE HAWAII SUPREME COURT PURSUANT**
**TO RULE 13 OF THE HAWAII RULES OF CIVIL PROCEDURE**

On September 23, 2011, Plaintiff Rocky Fujio Takushi, individually and as trustee of the Albert G. Takushi Revocable Living Trust Dated April 11, 2007 ("Plaintiff"), filed his Motion to Certify Legal Question to the Hawaii Supreme Court Pursuant to Rule 13 of the Hawaii Rules of Civil Procedure ("Motion"). On December 7, 2011, this Court issued an entering order noting that the Motion was unopposed and vacating the hearing scheduled for December 27, 2011 ("12/7/11 EO"). Also on December 7, 2011, but after the filing of the 12/7/11 EO, Defendant BAC Home Loans Servicing, LP ("BAC") and Defendant Aloha Asset Servicing, LLC ("Aloha Asset Servicing") each filed a memorandum in opposition

to the Motion.  The Court has found that this matter is suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## DISCUSSION

The parties and the Court are familiar with the factual and procedural history of this case, which are set forth in this Court's Order Granting in Part and Denying in Part Defendant BAC Home Loans Servicing, LP's Motion to Dismiss Plaintiff's Complaint ("Dismissal Order"), 2011 WL 2610208 (D. Hawai`i July 1, 2011), and Order Denying Plaintiff's Motion for Reconsideration ("Reconsideration Order"), 2011 WL 3861439 (D. Hawai`i Aug. 31, 2011).

In the instant Motion, Plaintiff asks this Court to certify a question to the Hawai`i Supreme Court regarding the state law definition of "a 'sale' with respect to the application of the federal Truth-in-Lending Act ("TILA") right to rescind [in] the context of Hawaii's nonjudicial foreclosure laws[.]" [Motion at 1.]

"This court may certify a question to the Hawaii Supreme Court when it concerns 'law of Hawaii that is determinative of the cause and . . . there is no clear

controlling precedent in the Hawaii judicial decisions . . . ." Saiki v. LaSalle Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Trust Series 2003-BC2, Civil No. 10-00085 JMS/LEK, 2011 WL 601139, at *6 (D. Hawai`i Feb. 10, 2011) (quoting Haw. R. App. P. 13(a)).  The court, however, should not certify questions when the answer is reasonably clear and the court can, using its best judgment, predict how the Hawai`i Supreme Court would decide the issue.  See id. (citing Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997); Pai`Ohana v. United States, 875 F. Supp. 680, 700 (D. Haw. 1995)).

Although there may not be a clear definition in Hawai`i case law of the term "sale" in the context discussed in Plaintiff's Motion, the definition is reasonably clear and the court can, using its best judgment, predict how the Hawai`i Supreme Court would define the term in that context.  This Court discussed the relevant case law and used the term "sale" as the Hawai`i Supreme Court would likely define it.  See generally, Reconsideration Order, 2011 WL 3861439, at *6-11.  Certification therefore is not warranted in this case, and Plaintiff's Motion is DENIED.

The Court notes that the Dismissal Order required Plaintiff to file an amended complaint by July 12, 2011.  The Dismissal Order cautioned that, if Plaintiff did not do so, this Court would dismiss all of Plaintiff's remaining claims with prejudice.  Plaintiff did not file an amended complaint.

Further, the instant Motion states: "While the Plaintiff appreciates the alternative provided to him by this Court to amend his Complaint so long as he does not repeat his assertion of his TILA rights, the Plaintiff declines to do so."  [Motion at 15.]  Thus, all of Plaintiff's claims that this Court dismissed without prejudice in the Dismissal Order are now DISMISSED WITH PREJUDICE.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Certify Legal Question to the Hawaii Supreme Court Pursuant to Rule 13 of the Hawaii Rules of Civil Procedure, filed September 23, 2011, is HEREBY DENIED.  Further, all of Plaintiff's claims that this Court previously dismissed without prejudice are HEREBY DISMISSED WITH PREJUDICE.  There being no remaining claims in this action, the Court directs the Clerk's Office to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 9, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROCKY FUJIO TAKUSHI, ETC. V. BACK HOME LOANS SERVICING, LP, ET AL; CIVIL NO. 11-00189 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY LEGAL QUESTION TO THE HAWAII SUPREME COURT PURSUANT TO RULE 13 OF THE HAWAII RULES OF CIVIL PROCEDURE**